UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROMAN FORD #156841, Plaintiff | CIVIL ACTION NO. 1:17-CV-194-P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights (42 U.S.C. § 1983) complaint filed by pro se Plaintiff Roman Ford ("Ford"). Ford is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Lasalle Correctional Center in Olla, Louisiana. Ford complains that he was wrongfully incarcerated with convicted inmates when he was a pretrial detainee.

### I. Background

Ford alleges that, on June 13, 2013, while he was a pretrial detainee, he was involved in an altercation with a convicted inmate at Richwood Correctional Center. (Doc. 1, p. 3). Ford sustained a broken jaw and broken ribs. Ford seeks damages for the injuries sustained.

### II. Instructions to Amend

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court

may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a civil rights action is borrowed from state law. See Harris v. Hegmann, 198 F.3d 153, 156–57 (5th Cir.1999). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Federal law determines when a civil rights cause of action accrues. United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

Ford knew of his injury on June 13, 2013, the date of the altercation. Therefore, Ford had one year from that date within which to file suit. Ford did not file his complaint until January 25, 2017. Therefore, Ford's complaint appears to be untimely.

However, Ford's complaint may be subject to tolling if he exhausted administrative remedies. See La. R.S. 15:1172(E) (prescription is suspended while an inmate pursues administrative remedies). It is unclear from the complaint whether

Ford filed an administrative remedy regarding the incident of June 13, 2013. Ford is instructed to amend his complaint to state whether he filed an administrative grievance, the date on which it was filed, and whether responses were received. If a grievance was filed, Ford should provide a copy of the administrative remedy form, as well as any responses received at each level.

III. Conclusion

IT IS ORDERED that Ford amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Ford is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of June, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge