UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROMAN FORD (#156841), Plaintiff | CIVIL ACTION NO. 1:17-CV-194; SEC. P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Roman Ford (#156841). Ford was granted leave to proceed *in forma pauperis.* (Doc. 13). At the time of filing, he was housed at LaSalle Correctional Center in Olla, Louisiana. Ford was transferred to Caldwell Correctional Center in Grayson, and then to Jackson Parish Correctional Center in Jonesborro. Ford is now incarcerated at Richwood Correctional Center in Monroe. Ford complains that his constitutional rights were violated when he was a pre-trial detainee at Richwood Correctional Center ("RCC").

I. Background

Ford alleges that, while a pre-trial detainee at RCC, he had interactions with convicted inmates in the custody of the Department of Corrections ("DOC"). Ford alleges that, on June 13, 2013, he "ended up in a physical altercation with a DOC inmate." (Doc. 1, p. 3). Ford claims that Defendants are liable because he should not have been "placed with the inmates at Richwood." (Doc. 1, p. 3).

## II. Instructions to Amend

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Ford shall amend his complaint and provide a description of what actually occurred with regard to the physical altercation, and what each named defendant did to violate Ford's constitutional rights. Ford should state whether he received a disciplinary conviction as a result of the altercation and what, if any, sanctions were imposed.

## III. Conclusion

IT IS ORDERED that Ford amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal will be recommended under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Ford's motion to order the Iberia Parish Jail and DOC to provide copies of Ford's ARPs (Doc. 17) is DENIED.

IT IS FURTHER ORDERED that Ford's motion to appoint counsel (Doc. 21) is DENIED at this time, as no "exceptional circumstances" have been presented

necessitating such appointment. See Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of September, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge