UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROMAN FORD (#156841), Plaintiff | CIVIL ACTION NO. 1:17-CV-194; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Roman Ford (#156841). Ford was granted leave to proceed *in forma pauperis.* (Doc. 13). At the time of filing, Ford was housed at LaSalle Correctional Center in Olla, Louisiana. Ford was transferred to Caldwell Correctional Center in Grayson, and then to Jackson Parish Correctional Center in Jonesborro. Ford complains that his constitutional rights were violated when he was a pre-trial detainee at Richwood Correctional Center ("RCC").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Ford alleges that, while a pre-trial detainee at RCC, he was housed with convicted inmates in the custody of the Department of Corrections ("DOC"). Ford alleges that on June 13, 2013, he was called out and questioned about "what was going on in D-dorm." (Doc. 25, p. 3). After questioning Ford, the officers searched the

dorm and found cell phones. Some inmates believed Ford "snitched," and attacked Ford, resulting in a broken jaw and broken ribs. (Doc. 25, p. 3).

Ford alleges he was transferred out of RCC in retaliation for filing a grievance after the incident. (Doc. 25, p. 3). Ford also complains he was not discharged by LSU Hospital; rather, he was removed from the hospital due to RCC transferring him to another facility. (Doc. 25, p. 3).

Ford complains that, after the attack, Nurse Toby instructed Ford to eat food from the dining hall despite Ford having a broken jaw and being unable to eat. (Doc. 25, p. 3).

## II. Law and Analysis

### A. Ford's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Ford is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 13). As a prisoner seeking redress from an officer or employee of a governmental entity, Ford's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Ford's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B.  Ford's complaint is untimely.

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitations period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a § 1983 action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines when a § 1983 cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v.

3

Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

According to the complaint and amended complaints, Ford complains of an assault, medical care, and retaliation that occurred in June 2013. Ford's suit, which was stricken and later reopened, was initially filed on January 25, 2017, well after the one-year prescriptive period had expired. (Docs. 1, 9, 11).

Although a plaintiff is entitled to equitable tolling of his claims for the time spent properly exhausting those claims through the administrative remedy procedure, Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002), Ford indicates he did not properly exhaust (Doc. 1, p. 2). Thus, Ford is not entitled to equitable tolling.

III. Conclusion

For the foregoing reasons, Ford's complaint is prescribed. Thus, IT IS RECOMMENDED that the complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28th day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge